07/15/2019 10:19:10am

**Robert A. Higgins & Associates P.C.**
8200 Camp Bowie West
Fort Worth, TX 76116


Bar Number: 24097232
Phone: (817) 924-9000

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | | |
|---|---|---|---|---|
| In re: **Charlie Ray Johnson, Jr.** | xxx-xx-7978 | § | Case No: | **19-42551-MXM-1:** |
| 405 Crescent Creek Ln | | § | Date: | **6/25/2019** |
| Fort Worth, TX 76140 | | § § § | Chapter 13 | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | |
|---|---|
| Plan Payment: **Variable** | Value of Non-exempt property per § 1325(a)(4): **$800.00** |
| Plan Term: **60 months** | Monthly Disposable Income per § 1325(b)(2): **$0.00** |
| Plan Base: **$48,998.00** | Monthly Disposable Income x ACP ("UCP"): **$0.00** |
| Applicable Commitment Period: **36 months** | |

07/15/2019 10:19:10am

Case No:  19-42551-MXM-13
Debtor(s):  **Charlie Ray Johnson, Jr.**

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan*, *Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 7/1/17

**A. PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

**$500.00** per month, months **1** to **1**.

**$822.00** per month, months **2** to **60**.

For a total of **$48,998.00** (estimated "*Base Amount*").

First payment is due **7/25/2019**.

The applicable commitment period ("ACP") is **36** months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: **$0.00**.

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: **$0.00**.

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: **$800.00**.

**B. STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are **$0.00** and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

**C. ATTORNEY FEES:** To **Robert A. Higgins and Associates, P.C.**, total: **$3,700.00** ;
**$586.00** Pre-petition; **$3,114.00** disbursed by the *Trustee*.

07/15/2019 10:19:10am

Case No: 19-42551-MXM-13
Debtor(s): Charlie Ray Johnson, Jr.

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT. | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| | | | |

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **The Parks at Deer Creek** Homestead | $6,356.15 | $6,356.15 | 0.00% | | Pro-Rata |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| **AmeriCredit/GM Financial** Vehicle | $28,294.00 | 4.25% | | Pro-Rata |
| **Westcreek Fi** Tires and Rims | $2,014.00 | 0.00% | | Pro-Rata |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

07/15/2019 10:19:11am

Case No: 19-42551-MXM-13
Debtor(s): **Charlie Ray Johnson, Jr.**

---

**F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
|  |  |  |  |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

**G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Crowley ISD** | Homestead | $2,562.45 |
| **Rushmore Loan Mgmt Srvc** | Homestead | $176,671.00 |
| **Tarrant County Tax Collector** | Homestead | $2,457.77 |

**H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

**I. SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

JUSTIFICATION: _____

**J. UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **500 Fast Cash** | $0.00 |  |
| **Ad Astra Recovery Service** | $572.00 |  |
| **American Honda Finance** | $5,834.22 |  |
| **BottomDollar Payday** | $0.00 |  |
| **Capital Bank** | $117.00 |  |
| **Capital One** | $519.00 |  |
| **CBA Collection Bureau** | $211.00 |  |
| **CCS/First National Bank** | $383.00 |  |
| **Champion Finance dba Power Finance** | $1,042.19 |  |
| **Check Into Cash** | $388.98 |  |
| **Check N Go** | $0.00 |  |

07/15/2019 10:19:11am

Case No:   19-42551-MXM-13
Debtor(s):   **Charlie Ray Johnson, Jr.**

| | |
|---|---:|
| **Conns** | $1,410.00 |
| **Conns Appliances Inc** | $554.69 |
| **Conns Credit Corp** | $1,574.37 |
| **Continental Finance Co** | $463.00 |
| **Convergent Outsourcing, Inc.** | $580.00 |
| **Cottonwod Financial dba Cash Store** | $2,000.00 |
| **Credit One Bank** | $397.00 |
| **Credit Systems International, Inc** | $34.00 |
| **Dollar Quick** | $0.00 |
| **First Premier Bank** | $1,061.00 |
| **First Premier Bank** | $687.00 |
| **Get Cash USA Loan** | $0.00 |
| **Green Gate Servicing LLC** | $0.00 |
| **Greensky Loan Services** | $1,666.93 |
| **Hunter Warfield** | $135.00 |
| **Hyundai Motor Finance** | $11,931.00 |
| **Link Debt Recovery** | $136.00 |
| **Money Key** | $0.00 |
| **Netpay Advance** | $0.00 |
| **North Star Finance dba NorthCash** | $0.00 |
| **NTTA** | $388.51 |
| **Portfolio Recovery Associates, LLC** | $855.36 |
| **Portfolio Recovery Associates, LLC** | $614.35 |
| **Premier Bankcard/Charter** | $719.66 |
| **Premier Bankcard/Charter** | $1,061.76 |
| **Quantum3 Group LLC as agent for** | $269.30 |
| **Rise** | $1,291.00 |
| **Rooms To Go** | $1,667.00 |
| **Summit Account Resol** | $1,601.00 |
| **Webbank/Gettington** | $432.00 |
| **Wells Fargo Auto Finance** | $2,910.00 |
| TOTAL SCHEDULED UNSECURED: | $43,507.32 |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**2%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

SECTION II
DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS
**FORM REVISED 7/1/17**

**A.   SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

Case No:   19-42551-MXM-13
Debtor(s):   **Charlie Ray Johnson, Jr.**

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

### C. ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

### E.(1)   SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

### E.(2)   SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

### F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G. DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

### H. PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

### I. CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

### J. GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

### L. CLAIMS TO BE PAID:

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

### M. ADDITIONAL PLAN PROVISIONS:

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

### N. POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges*.

### O. CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD*.

### P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

### Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

### R. BUSINESS CASE OPERATING REPORTS:

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

### S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

### T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

07/15/2019 10:19:11am

Case No: 19-42551-MXM-13
Debtor(s): **Charlie Ray Johnson, Jr.**

### U. ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

### V. POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

07/15/2019 10:19:11am

Case No:   19-42551-MXM-13
Debtor(s):   **Charlie Ray Johnson, Jr.**

## W. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

07/15/2019 10:19:11am

Case No: 19-42551-MXM-13
Debtor(s): **Charlie Ray Johnson, Jr.**

---

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Vince M. Vela**
Vince M. Vela, Debtor's(s') Attorney

Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Vince M. Vela**
Vince M. Vela, Debtor's(s') Counsel

**24097232**
State Bar Number

07/15/2019 10:19:11am

Case No: 19-42551-MXM-13
Debtor(s): **Charlie Ray Johnson, Jr.**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the **15th day of July, 2019**:

(List each party served, specifying the name and address of each party)

Dated: **July 15, 2019**    /s/ **Vince M. Vela**
Vince M. Vela, Debtor's(s') Counsel

500 Fast Cash
110 E Atlantic Ave Ste 220
Delray Beach, FL 33444

Capital Bank
xxxxxxxxxxxx6963
1 Church St
Rockville, MD 20850

Check Into Cash
201 Keith ST SW Ste 80
Cleveland, TN 37311

Ad Astra Recovery Service
xxx3107
7330 W 33rd St N Ste 118
Wichita, KS 67205

Capital One
xxxxxxxxxxxx9474
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Check N Go
7755 Montgomery Rd
Cincinnati, OH 45236

American Honda Finance
xxxxx4636
1220 Old Alpharetta Rd S
Alpharetta, GA 30005

CBA Collection Bureau
xxxx4319
25954 Eden Landing Rd
Hayward, CA 94545

Comenity Bank/Bealls
xxxxxxxxxxxx7585
PO Box 2974
Mission, KS 66201

AmeriCredit/GM Financial
xxxxxxxx4707
Attn: Bankruptcy
PO Box 183853
Arlington, TX 76096

CCS/First National Bank
xxxxxxxxxxxx3231
500 E 60th St N
Sioux Falls, SD 57104

Conns
xxxxx2230
Attn: Bankruptcy Department
PO Box 815867
Dallas, TX 75234

Attorney General of Texas
Region 9 Bankruptcy Section
2001 Beach Street, Suite 700
Fort Worth, TX 76103-2315

Champion Finance dba Power Finance
PO Box 41439
Houston, TX 77241

Conns Appliances Inc
7978
P.O. Box 2358
Beaumont, TX 77704

BottomDollar Payday
Hunkins Waterfornt Plaza
Main Street, Suite 556
Charleston, Nevis
West Indies

Charlie Ray Johnson, Jr.
405 Crescent Creek Ln
Fort Worth, TX 76140

Conns Credit Corp
xxxxx2230
3295 College St
Beaumont, TX 77701

07/15/2019 10:19:11am

Case No: 19-42551-MXM-13
Debtor(s): **Charlie Ray Johnson, Jr.**

---

Continental Finance Co
xxxxxxxxxxxx7584
PO Box 8099
Newark, DE 19714

First Premier Bank
xxxxxxxxxxxx7466
601 S Minnesota Ave
Sioux Falls, SD 57104

Money Key
3422 Old Capital Trail Ste 1613
Wilmington, DE 19808

Convergent Outsourcing, Inc.
xxxx7608
Attn: Bankruptcy
PO Box 9004
Renton, WA 98057

First Premier Bank
xxxxxxxxxxxx0165
601 S Minnesota Ave
Sioux Falls, SD 57104

Netpay Advance
940 N Tyler Rd
Witchita, KS 67212

Cottonwod Financial dba Cash Store
3206 Sycamore School Rd
Fort Worth, TX 76133

Get Cash USA Loan
125 N Halstad St Fl 4
Chicago, IL 60661-2154

North Star Finance dba NorthCash
PO Box 498
Hays, MT 59527

Credit One Bank
xxxxxxxxxxxx5824
ATTN: Bankruptcy Department
PO Box 98873
Las Vegas, NV 89193

Green Gate Servicing LLC
600 F Street, Ste 3 #721
Arcata, CA 95521

NTTA
xxxxxxx xxxxunts
PO Box 660244
Dallas TX 75266

Credit Systems International, Inc
xxxxx7180
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004

Greensky Loan Services
4310
PO BOX 9333614
Atlanta, GA 31193

Oak View Law Group
4966 El Camino Real, STE 225
Los Altos, CA 94022

Crossriver / Rooms To Go
1797 N East Expy Ne
Atlanta, GA 30329

Hunter Warfield
xxx1709
4620 Woodland Corporate
Tampa, FL 33614

Portfolio Recovery Associates, LLC
c/o Capital One
POB 41067
Norfolk VA 23541

Crowley ISD
c/o Perdue Brandon Fielder et al
500 East Border Street, Suite 640
Arlington, TX 76010

Hyundai Motor Finance
xxxxxxxxxx0356
Attn: Bankruptcy
PO Box 20829
Fountain City, CA 92728

Power Finance
1303 N Collins #417
Arlington, TX 76011

Dollar Quick
299 S Main St Ste 1300
Salt Lake City, UT 84111

Link Debt Recovery
xx5324
Attn: Bankruptcy Dept
9543 South 700 East Suite 200
Sandy, UT 84070

Premier Bankcard/Charter
P.O. Box 2208
Vacaville, CA 95696

07/15/2019 10:19:11am

Case No: 19-42551-MXM-13
Debtor(s): **Charlie Ray Johnson, Jr.**

Premier Bankcard/Charter
7466
P.O. Box 2208
Vacaville, CA 95696

The Parks at Deer Creek
0005
3102 Oak Lawn Ste 202
Dallas, TX 75221

Quantum3 Group LLC as agent for Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

Tim Truman
6851 NE Loop 820, Suite 300
N. Richland Hills, TX 76180

Rise
xxxx3678
4150 International Suite 300
Fort Worth, TX 76109

Webbank/Gettington
xxxxxxxxxxxx7762
Attn: Bankruptcy
6250 Ridgewood Rd
Saint Cloud, MN 56301

Rooms To Go
xxxxxxxxxxxx4310
Bankruptcy Dept
11540 Highway 92 East
Seffner, FL 33584

Wells Fargo Auto Finance
xxxxxxxxxxxx0001
Attn: Bankruptcy
PO Box 29704
Phoenix, AZ 85038

Rushmore Loan Mgmt Srvc
xxxxxxxxx4966
Attn: Bankruptcy
PO Box 55004
Irvine, CA 92619

Westcreek Fi
xxxx22X3
Attn: Bankruptcy
Po Box 5518
Glen Allen, VA 23058

Summit Account Resol
xxxxxxxxxxxxx3816
Po Box 131
Champlin, MN 55316

Tarrant County Tax Collector
Delinquent Tax Department
100 E. Weatherford Street
Fort Worth, TX 76196

Tarrant County Tax Collector
C/o Linebarger Goggan Blair & Sampson
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-4<br>Case 19-42551-mxm13<br>Northern District of Texas<br>Ft. Worth<br>Mon Jul 15 10:29:43 CDT 2019 | Crowley ISD<br>c/o Perdue Brandon Fielder Et Al<br>500 E. Border Street<br>Suite 640<br>Arlington, TX 76010-7457 | Tarrant County<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o Sherrel K. Knighton<br>2777 N. Stemmons Frwy<br>Suite 1000<br>Dallas, TX 75207-2328 |
| 501 W. Tenth Street<br>Fort Worth, TX 76102-3637 | 500 Fast Cash<br>110 E Atlantic Ave Ste 220<br>Delray Beach, FL 33444-3759 | Ad Astra Recovery Service<br>7330 W 33rd St N Ste 118<br>Wichita, KS 67205-9370 |
| AmeriCredit-GM Financial<br>Attn: Bankruptcy<br>PO Box 183853<br>Arlington, TX 76096-3853 | (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | Attorney General of Texas<br>Region 9 Bankruptcy Section<br>2001 Beach Street, Suite 700<br>Fort Worth, TX 76103-2315 |
| BottomDollar Payday<br>Hunkins Waterfornt Plaza<br>Main Street, Suite 556<br>Charleston, Nevis<br>West Indies | CBA Collection Bureau<br>25954 Eden Landing Rd<br>Hayward, CA 94545-3837 | CCS-First National Bank<br>500 E 60th St N<br>Sioux Falls, SD 57104-0478 |
| Capital Bank<br>1 Church St<br>Rockville, MD 20850-4190 | Capital One<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| Champion Finance dba Power Finance<br>PO Box 41439<br>Houston, TX 77241-1439 | Check Into Cash<br>201 Keith ST SW Ste 80<br>Cleveland, TN 37311-5867 | Check N Go<br>7755 Montgomery Rd<br>Cincinnati, OH 45236-4197 |
| Comenity Bank-Bealls<br>PO Box 2974<br>Mission, KS 66201-1374 | Conns<br>Attn: Bankruptcy Department<br>PO Box 815867<br>Dallas, TX 75381-5867 | Conns Appliances Inc<br>P.O. Box 2358<br>Beaumont, TX 77704-2358 |
| Conns Credit Corp<br>3295 College St<br>Beaumont, TX 77701-4611 | Continental Finance Co<br>PO Box 8099<br>Newark, DE 19714-8099 | Convergent Outsourcing, Inc.<br>Attn: Bankruptcy<br>PO Box 9004<br>Renton, WA 98057-9004 |
| Cottonwod Financial dba Cash Store<br>3206 Sycamore School Rd<br>Fort Worth, TX 76133-7775 | Cottonwood Financial<br>PO Box 5077<br>Sioux Falls, SD 57117-5077 | Credit One Bank<br>ATTN: Bankruptcy Department<br>PO Box 98873<br>Las Vegas, NV 89193-8873 |
| Credit Systems International, Inc<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004-1088 | Crossriver - Rooms To Go<br>1797 N East Expy Ne<br>Atlanta, GA 30329-7803 | Crowley ISD<br>c/o Perdue Brandon Fielder et al<br>500 East Border Street, Suite 640<br>Arlington, TX 76010-7457 |

| | | |
|---|---|---|
| Dollar Quick<br>299 S Main St Ste 1300<br>Salt Lake City, UT 84111-2241 | Fay Servicing<br>939 W North Ave Ste 680<br>Chicago, IL 60642-1231 | First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4868 |
| Get Cash USA Loan<br>125 N Halstad St Fl 4<br>Chicago, IL 60661-2154 | Green Gate Servicing LLC<br>600 F Street, Ste 3 No. 721<br>Arcata, CA 95521-6301 | Greensky Loan Services<br>PO BOX 9333614<br>Atlanta, GA 31193-0001 |
| Hunter Warfield<br>4620 Woodland Corporate<br>Tampa, FL 33614-2415 | Hyundai Capital America<br>10550 Talbert Ave<br>Fountain Valley, CA 92708-6032 | Hyundai Motor Finance<br>Attn: Bankruptcy<br>PO Box 20829<br>Fountain City, CA 92728-0829 |
| Hyundai Motor Finance<br>P.O. Box 20809<br>Fountain Valley, CA 92728-0809 | Link Debt Recovery<br>Attn: Bankruptcy Dept<br>9543 South 700 East Suite 200<br>Sandy, UT 84070-3496 | Money Key<br>3422 Old Capital Trail Ste 1613<br>Wilmington, DE 19808-6124 |
| NTTA<br>PO Box 660244<br>Dallas TX 75266-0244 | Netpay Advance<br>940 N Tyler Rd<br>Witchita, KS 67212-3265 | North Star Finance dba NorthCash<br>PO Box 498<br>Hays, MT 59527-0498 |
| Oak View Law Group<br>4966 El Camino Real, STE 225<br>Los Altos, CA 94022-1459 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Power Finance<br>1303 N Collins No. 417<br>Arlington, TX 76011-5040 |
| Premier Bankcard-Charter<br>P.O. Box 2208<br>Vacaville, CA 95696-8208 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | Rise<br>4150 International Suite 300<br>Fort Worth, TX 76109-4819 |
| Robert A. Higgins and Associates, P.C.<br>8200 Camp Bowie W Blvd<br>Fort Worth, TX 76116-6321 | Rooms To Go<br>Bankruptcy Dept<br>11540 Highway 92 East<br>Seffner, FL 33584-7346 | Rushmore Loan Mgmt Srvc<br>Attn: Bankruptcy<br>PO Box 55004<br>Irvine, CA 92619-5004 |
| Summit Account Resol<br>Po Box 131<br>Champlin, MN 55316-0131 | Tarrant County Tax Collector<br>CO Linebarger Goggan Blair & Sampson<br>2777 N. Stemmons Freeway, Suite 1000<br>Dallas, TX 75207-2328 | Tarrant County Tax Collector<br>Delinquent Tax Department<br>100 E. Weatherford Street<br>Fort Worth, TX 76196-0206 |
| The Parks at Deer Creek<br>3102 Oak Lawn Ste 202<br>Dallas, TX 75219-6400 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 | Webbank-Gettington<br>Attn: Bankruptcy<br>6250 Ridgewood Rd<br>Saint Cloud, MN 56303-0820 |

Wells Fargo
PO Box 29704
Phoenix, AZ 85038-9704

Wells Fargo Auto Finance
Attn: Bankruptcy
PO Box 29704
Phoenix, AZ 85038-9704

Westcreek Fi
Attn: Bankruptcy
Po Box 5518
Glen Allen, VA 23058-5518


Charlie Ray Johnson Jr.
405 Crescent Creek Ln
Fort Worth, TX 76140-6588

Tim Truman
6851 N.E. Loop 820, Suite 300
N Richland Hills, TX 76180-6608

Vince Michael Vela
Robert A. Higgins & Associates, P.C.
8200 Camp Bowie West Boulevard
Fort Worth, TX 76116-6321


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


American Honda Finance
1220 Old Alpharetta Rd S
Alpharetta, GA 30005

(d)American Honda Finance Corporation
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

Capital One
PO Box 85520
Richmond, VA 23285


Portfolio Recovery Associates, LLC
CO Capital One
POB 41067
Norfolk VA 23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Fay Servicing
939 W North Ave., Ste. 680
Chicago, IL 60642-1231

(u)Sheresha Johnson

(d)Tarrant County
Linebarger Goggan Blair & Sampson, LLP
c/o Sherrel K. Knighton
2777 N. Stemmons Frwy
Suite 1000
Dallas, TX 75207-2328


End of Label Matrix
Mailable recipients    65
Bypassed recipients     3
Total                  68

07/15/2019 10:19:11am

Robert A. Higgins & Associates P.C.
8200 Camp Bowie West
Fort Worth, TX 76116

Bar Number: **24097232**
Phone: **(817) 924-9000**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**
Revised 10/1/2016

IN RE: **Charlie Ray Johnson, Jr.**  xxx-xx-7978  § CASE NO: **19-42551-MXM-13**
405 Crescent Creek Ln  §
Fort Worth, TX 76140  §
  §
  §

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS   DATED: **6/25/2019**

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | Variable Plan Payments. See Monthly Schedule below.* | |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $49.50 | See below* |
| Filing Fee | $0.00 | See below* |
| Noticing Fee | $57.75 | See below* |
| **Subtotal Expenses/Fees** | **$112.25** | See below* |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | $387.75 | See below* |

### CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Vehicles:  $0.00

### CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Payments for Current Post-Petition Mortgage Payments (Conduit):  $0.00

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

07/15/2019 10:19:11am

Case No:     19-42551-MXM-13
Debtor(s):   Charlie Ray Johnson, Jr.

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|

Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: **$0.00**

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$387.75** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **See Monthly Schedule below*** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

### *Monthly Schedule

| Month | Plan Payment | Account Balance Reserve | Trustee Percentage Fee | Filing Fees | Noticing Fees | Subtotal Expenses/ Fees | Available | Available for APD | Available for Attorney |
|---|---|---|---|---|---|---|---|---|---|
| 1 | $500.00 | $5.00 | $49.50 | $0.00 | $57.75 | $112.25 | $387.75 | $0.00 | $387.75 |
| 2 | $822.00 | | $82.20 | | | $82.20 | $739.80 | $0.00 | $739.80 |
| 3 | $822.00 | | $82.20 | | | $82.20 | $739.80 | $0.00 | $739.80 |
| 4 | $822.00 | | $82.20 | | | $82.20 | $739.80 | $0.00 | $739.80 |
| 5 | $822.00 | | $82.20 | | | $82.20 | $739.80 | $0.00 | $506.85 |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: __7/15/2019__

/s/ Vince M. Vela
Attorney for Debtor(s)